UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

TONY T. CLARK,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　)　　Civil No. 6: 16-252-GFVT
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA, et al,　 )　　**MEMORANDUM OPINION**
　　　　　　　　　　　　　　　　　　)　　　　　　**&**
　　　Defendants.　　　　　　　　　　)　　　　　**ORDER**

*** *** *** ***

Inmate Tony T. Clark has filed a *pro se* complaint asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1.] This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

**I**

Clark indicates that on February 24, 2016, he was being housed in a cell in the segregation unit. On that day, Lt. Altizer asked Clark whether he was refusing to take a cellmate. Clark at first professed ignorance about why he was being asked the question, but in the face of continued and direct questioning regarding his willingness to accept a cellmate, he simply refused to answer. [R. 1 at 2.]

Clark alleges that Lt. Altizer then became belligerent, stating that:

> ... you Moorish-American Moslem (*sic*) bitches will do what the f*** I tell you to do and also Clark you can't use the name Bey in our prison system and by the way I hear that you're an ex-affiliate member of the G.D.'s and I want you to know that you're going to do what the f*** I say [to] do because this is a Christian nation and we don't respect Fezz wearing muslims and f****ts.

[R. 1 at 2-3.] After Lt. Altizer had left the area, an unidentified associate warden again asked Clark whether he would accept a cellmate, to which he replied he had no comment. Lt. Altizer then returned with a camcorder and recorded as a use-of-force team entered Clark's cell, removed him from his cell, and transferred him to another room. At this time, a member of that team replaced Clark's clothing with new garments and applied restraints. Lt. Altizer applied a belly-chain "and tightened [it] as much as he could" before connecting it to Clark's hand restraints. [R. 1 at 3-4.]

Clark indicates that both Lt. Altizer and R.N. Free checked his hand restraints and determined that they were not too tight. Clark was then placed in a cell in the segregation unit with a cellmate. Two hours later Clark complained that his hand restraints were too tight, but P.A. Lawson checked them and concluded that they fine. [R. 1 at 5.] Lt. Mullins and P.A. Lawson checked his hand restraints when Clark again complained that they were too tight. Clark indicates that he was in hand restraints for a total of nine hours. [R. 1 at 6.]

## II

As a preliminary matter, Clark identifies Warden Ormond as a defendant in this action, but he makes no allegation of any kind against him. In an action under *Bivens*, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). Clark makes no such allegation here. Because the warden is not liable under *Bivens* for the alleged misdeeds of his subordinates merely by virtue of his supervisory capacity, *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), the claims against Warden Ormond must be dismissed.

Clark also named the United States as a defendant in this action, and seeks damages against the named officers in their official capacities. [R. 1 at 11] However, *Bivens* authorizes

only individual capacity suits against federal officers for violations of civil rights, it does not waive the sovereign immunity enjoyed by the United States and its agencies for constitutional torts. *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) (*Bivens* claims may be asserted against federal officials only in their individual capacities); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). And of the many federal statutes invoked by Clark as a basis for his suit [R. 1 at 1], the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 is not among them. The United States will therefore be dismissed as a defendant to this action.

In his complaint, Clark sets forth a wide variety of legal claims arising out of these events, as well as claims untethered to the factual allegations set forth by Clark in the body of his complaint. [R. 1 at 7-10] The Court will address these claims in the order presented.

First, Clark contends without explanation that unidentified charges against him were "trumped up" and caused him to temporarily lose unidentified privileges. [R. 1 at 7.] Clark does not identify anywhere in his complaint what offense he was charged with, why it was "trumped up," which officer brought the charge, or what privileges were suspended. His complaint therefore fails to satisfy the minimum pleading requirements set forth in Federal Rule of Civil Procedure 8. In addition, if Clark suffered the loss of good conduct time as a result of the charges, he has failed to allege that the disciplinary conviction has been overturned as required by *Edwards v. Balisok*, 520 U.S. 641, 645 (1997). If the only privileges suspended were the loss of commissary, phone, visitation, movies or recreation, see BOP Program Statement 5270.09 Table 1 (July 8, 2011) (setting forth available sanctions for 200- and 300-level disciplinary offenses), such loss does not violate the Eighth Amendment. Cf. *Overton v. Bazzetta*, 539 U.S. 126, 136-37 (2003). The Eighth Amendment "does not mandate comfortable prisons," but only

requires prison officials to provide inmates with "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981).

Second, Clark appears to contend that Lt. Altizer's derisive comments about him being a Moorish-American Muslim constituted an impermissible impediment to the free exercise of his religious beliefs in violation of the First Amendment. [R. 1 at 8.] As a threshold matter, the Supreme Court has never extended the implied cause of action under *Bivens* to free exercise claims under the First Amendment. *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."). The Supreme Court has expressly refused to find such an implied cause of action where a detailed remedial scheme appropriate to address the wrong already exists. *Bush v. Lucas*, 462 U.S. 367, 368 (1983) (refusing to extend *Bivens* to a First Amendment free speech claim in federal civil service context). Such a detailed scheme is found in the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1(a), and the availability of an adequate statutory remedy against federal officials strongly counsels against the inference of a remedy under *Bivens* for a free exercise claim of the kind asserted by Clark here. Cf. *Mack v. Warden, Loretto FCI*, 839 F. 3d 286, 301-02 (3d Cir. 2016).

Even if *Bivens* did provide an available remedy in this context, verbal harassment and insults, particularly on only one isolated occasion, are insufficient to state a claim of constitutional magnitude. *Stepler v. Warden, Hocking Corr. Facility*, No. 2: 12-CV-1209, 2013 WL 3147953, at *8 (S.D. Ohio. June 18, 2013) (citing *Mabon v. Campbell*, Nos. 98-5468; 98–5513, 2000 WL 145177, at *3 (6th Cir. Feb. 1, 2000) (citing *Ivey v. Wilson*, 832 F. 2d 950, 955 (6th Cir. 1987) (*per curiam*)). See also *Wofford v. Austin*, No. 1: 16-CV-1145, 2016 WL 6275340, at *3 (W.D. Mich. Oct. 27, 2016) (collecting cases).

Third, Clark complains that unidentified BOP officials violated his right of access to the courts by failing to give him a complaint form to file this action. [R. 1 at 8.] This claim is without merit. Even ignoring Clark's failure to identify a culpable defendant, the filing of this action demonstrates that Clark was not prevented from asserting his claims. He therefore cannot demonstrate actual injury, an essential component of a right-of-access claim. *Lewis v. Casey*, 518 U.S. 343, 348-50 (1996).

Clark's fourth claim has two aspects. The first is that medical staff did not check his hand restraints to ensure that they were not too tight and that their negligence caused him nine hours of suffering and marks on his wrists. The second is that medical staff were deliberately indifferent when they did not take photographs of his wrists to preserve evidence. [R. 1 at 8.]

The first aspect of this claim is directly contradicted by Clark's own allegations: he stated that nurse Free and physician's assistant Lawson checked his hand restraints three times over the nine-hour period, and concluded in each instance that they were not too tight. [R. 1 at 5-6.] Nor is a claim that a government official was negligent, as Clark alleges here, sufficient to state a constitutional claim under the Eighth Amendment. Cf. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). And the alleged failure of prison officials to photograph or document the medical condition of his hands or wrists did not violate Clark's constitutional rights. Cf. *Abjul-Hadi v. Dittsworth*, No. 2: 11-1263, 2012 WL 3260361, at *4 (W.D. Penn. Aug. 8, 2012).

Clark does not assert an Eighth Amendment claim of deliberate indifference for excessively tight application of handcuffs. Clark did specifically allege that medical staff were "deliberately indifferent" – a clear shorthand reference to the standard applicable to Eighth Amendment claims–but did so with respect to the officers not taking photographs of his wrists. His failure to attach that label to his handcuffing claim, particularly so near on the page to his allegations regarding the second aspect of his claim, connotes a clear choice regarding the source

5

of law for the first aspect of this claim. A Court must, of course, liberally construe a complaint filed by a pro se plaintiff. *Haines v. Kerner*, 404 U.S. 519 (1972). But the liberal construction the Court applies to *pro se* pleadings should not be read to authorize the Court to create, out of whole cloth, claims that the plaintiff has chosen not to assert on his own behalf. *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (Sutton, J., dissenting) ("When a *pro se* litigant asks us to identify any potentially winning arguments in his lower court pleadings, he is asking us to create, not correct, potential disparities in the legal system."); *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F.Supp.2d 140, 148 (D. Mass. 2003) ("[w]hile the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged.").

Fifth, Clark contends that unidentified officers were deliberately indifferent to his safety when they gave him a cellmate after he told them that "I will fight" if they did so. [R. 1 at 9.] As a threshold matter, the only threat alleged was not made by the cellmate but by Clark himself. A failure-to-protect claim under the Eighth Amendment cannot be predicated upon violence incited by the plaintiff; permitting such claims would put inmates, not prison officials, in charge of choosing their cellmates or obtaining placement in a single cell. And nowhere does Clark allege that *any* altercation actually took place or that he was injured as a result of it, requiring dismissal of the claim. *Wilson v. Yaklich*, 148 F. 3d 596, 600-01 (6th Cir. 1998); *Encarnacion v. Dann*, 80 F. App'x 140, 141-42 (2d Cir. 2003); *see also Davis v. Chapdelaine*, 2017 WL 3222531, at *4 (D. Conn. July 28, 2017) (collecting cases); 42 U.S.C. § 1997e(e).

Sixth, Clark states that "[t]he officers were (*sic*) excessive force" which violated the Eighth Amendment. [R. 1 at 9.] This claim merely states a conclusion, not facts, failing to identify either the force used, who applied it, or why it was excessive. This claim will be dismissed for failure to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

6

Notably, Clark did not identify any members of the use-of-force team as defendants in this action.

Seventh, Clark states that "[m]y rights under the Universal Declaration of Human Rights have been violated ..." [R. 1 at 9.] This claim will also be dismissed for failure to state a claim. *Bell Atlantic*, 550 U.S. at 556 (noting that a complaint must affirmatively set forth sufficient factual matter to indicate a viable legal claim). And there is no private right of action to enforce the Universal Declaration of Human Rights or the Vienna Convention. *Konar v. Illinois*, 327 F. App'x 638, 640 (7th Cir. 2009) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004)).

Eighth, Clark alleges that unidentified officers had him "bend over and spread my buttocks so that they could conduct a search of my anal cavity," which he contends constitutes cruel and unusual punishment. Clark's failure to identify the responsible officers requires dismissal of this claim. *Nwaebo*, 83 F. App'x at 86. He also does not allege that he suffered any injury as a result, dooming an Eighth Amendment claim. *Wilson*, 148 F. 3d at 600-01; 42 U.S.C. § 1997e(e). He also contends that in conducting the search, the unidentified officers violated two criminal statutes: 18 U.S.C. §§ 241-242. But a private citizen lacks a judicially cognizable interest in the criminal prosecution of another. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, a civil plaintiff has no standing to assert a claim arising under a criminal statute. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("This Court has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'"); *see also Kafele v. Frank & Wooldrige Co.*, 108 F. App'x 307 (6th Cir. 2004) (no private cause of action under 18 U.S.C. § 242).

Clark omits a ninth numbered claim, but his tenth numbered claim contends that unidentified officers through unidentified conduct violated three sections of the

Denationalization and Genocide Act, 18 U.S.C. §§ 1091, 1092, and 1093. [R. 1 at 10.] Like his seventh claim, Clark's tenth claim makes no effort to provide a factual basis for this claim, and it must be dismissed. *Bell Atlantic*, 550 U.S. at 556. And as with his eighth claim, this is a criminal statute which he lacks standing to enforce. Indeed, 18 U.S.C. § 1092 expressly says so: "... nor shall anything in this chapter be construed as creating any substantive or procedural right enforceable by law by any party in any proceeding."

Eleventh, Clark contends that unidentified officers through unidentified conduct violated his rights under the United Nations Universal Declaration on the Rights of Indigenous People Act. [R. 1 at 10.] This claim will be dismissed for failure to adequately state a claim for relief under Federal Rule of Civil Procedure 8 and because the Universal Declaration does not confer private rights upon which a cause of action may be founded. Cf. *Bey v. Ohio*, No. 1: 11-CV-1048, 2011 WL 4007719, at *2 (N.D. Ohio Sept. 9, 2011); *Bey v. New York*, No. 11-CV-3296(JS)(WDW), 2012 WL 4370272, at *7 (E.D.N.Y. Sept. 21, 2012); *Joyner-El v. Giammarella*, No. 09CIV3731(NRB), 2010 WL 1685957, at 3 n.4 (S.D.N.Y. Apr. 15, 2010).

Twelfth, Clark contends that unidentified officers through unidentified conduct assaulted him in violation of 18 U.S.C. §§ 112, 113. The first provision criminalizes assault only upon "a foreign official, official guest, or internationally protected person . . . " 18 U.S.C. § 112(a). Clark makes no allegation that he qualifies as any of these, and nothing in his complaint suggests that he satisfies any of these terms as defined in 18 U.S.C. § 1116(b)(3). The second provision criminalizes assaults committed on federal land, 18 U.S.C. § 113(a), and a federal prison qualifies. See 18 U.S.C. § 7(3). But Clark does not possess standing to assert a civil claim pursuant to either of these criminal statutes. *Risley v. Hawk*, 918 F. Supp. 18, 21 (D.D.C. 1996); *Kates v. Packer*, No. 3:13-CV-1525, 2015 WL 10567836, at *6 n.4 (M.D. Penn. Aug. 25, 2015);

*Bradford v. LeBlanc*, No. 12-0427-BAJ-DLD, 2012 WL 5364255, at *2 (M.D. La. Sept. 19, 2012).

Thirteenth, Clark complains that the warden and the administrative remedy coordinator "failed to appropriately address my complaints." [R. 1 at 10.] This conclusory assertion, devoid of facts to support or even explain it, fails to satisfy Rule 8's minimum pleading requirements. *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements."). And rejection of an inmate's grievance fails to state a claim of constitutional dimension because inmates do not possess a constitutional right to a grievance procedure at all. *Argue v. Hoffmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("[T]here is no inherent constitutional right to an effective prison grievance procedure.") (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)).

Fourteenth, Clark contends that unidentified officers violated his rights under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-(1-4).[1] [R. 1 at 10.] Although Clark makes no effort to explain how this is so, the Court assumes this claim is related to Lt. Altizer's brief but derogatory outburst on one occasion. [R. 1 at 2-3.] To establish a violation of the RFRA, the plaintiff must first show that the Government "substantially burdened" his exercise of religion. 42 U.S.C.A. § 2000bb-1(a); *United States v. Girod*, 159 F.Supp.3d 773, 772 (E.D. Ky. 2015). Under the RFRA, a "substantial burden" is imposed only when the plaintiff was forced to choose between following the tenets of his faith and receiving a governmental benefit, or if he was coerced by the threat of civil or criminal sanctions to act in a manner inconsistent with that

---

[1] It is not clear that a plaintiff may pursue a damages action under the RFRA against individual federal officers. See *Cardinal v. Metrish*, 564 F.3d 794, 799-801 (6th Cir. 2009). The Court will presume such a remedy is available for purposes of discussion.

faith. *See Washington v. Klem*, 497 F.3d 272, 280 (3d Cir. 2007); *Sherbert v. Verner*, 374 U.S. 398 (1963). However, "[a]n inconsequential or *de minimis* burden on religious practice does not rise to this level, nor does a burden on activity unimportant to the adherent's religious scheme. *Kaemmerling v. Lappin*, 553 F.3d 669, 678 (D.C. Cir. 2008); *Guam v. Guerrero*, 290 F.3d 1210, 1222 (9th Cir. 2002) ("A substantial burden must be more than an inconvenience."). Clark has made no effort to identify what burden, if any, he suffered as a result of these comments. The alleged abusive statements by Lt. Altizer, on one occasion, were doubtless unprofessional, but it was simply insufficient to constitute a meaningful or substantial burden on Clark's religious beliefs. *McGathey v. Osinga*, No. 2: 17-CV-56-FTM, 2017 WL 2445827, at *4 (M.D. Fla. 2017); *Garraway v. Lappin*, No. 4: CV-10-1697, 2012 WL 959422, at *24-25 (M.D. Penn. Mar. 21, 2012), *aff'd*, 490 F. App'x 440 (3d Cir. 2012); *Doering v. Reed*, No. 6:15-CV-6093, 2016 WL 3148642, at *2 (W.D. Ark. Apr. 29, 2016).

For the foregoing reasons, Clark's complaint will be dismissed with prejudice.

Accordingly, **IT IS ORDERED** as follows:

1. Clark's complaint [R. 1] is **DISMISSED WITH PREJUDICE**;

2. The Court will enter a judgment contemporaneously with this order; and

3. This matter is **STRICKEN** from the docket.

This the 24th day of April, 2018.

Gregory F. Van Tatenhove
United States District Judge

10